Louis Hirschberg, Appellee, v. Ollie Russell and
Ora Callahan, Appellants.

Gen. No. 42,262.

Opinion filed January 6, 1943.

JAMES F. YOUNG and JOSEPH A. FENTON, both of Chicago, for appellants.

SAMUEL ARTHUR KARLIN, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On December 10, 1941 Louis Hirschberg filed a complaint in forcible detainer in the circuit court of Cook county against Ollie Russell and Ora Callahan for possession of the building known as 728–30 Barry ave., Chicago. Defendants filed an answer. A trial before the court without a jury resulted in a finding and judgment that plaintiff was entitled to possession of the premises. Defendants appeal. There is no dispute as to the facts.

On September 5, 1940 Bernice Grace Melchert Wolf, the owner, and the defendants signed a lease for the premises for the period commencing December 1, 1940 and ending November 30, 1945, at a rental of $200 per month. Clause 12, contained in a rider attached to and made a part of the lease, reads in part: "Lessor shall have the right to terminate this lease, and the

term hereby demised, to take effect at any time after one year from the date hereof in the event the Lessor shall make a bona fide written contract for the sale of said premises or a bona fide sale of said premises." In a clause of the lease the parties "agree that the covenants and agreements herein contained shall be binding upon, apply and inure to, their respective heirs, executors, administrators and assigns." The defendants entered into possession of the premises and paid the rent called for by the lease. On January 7, 1941 Bernice Grace Melchert Wolf conveyed the premises to Henry Hoelcke, and on January 27, 1941 Hoelcke conveyed the premises to Charlotte J. Ebert, as trustee. Kate DeWitt was designated as first successor trustee. Charlotte J. Ebert, the trustee, died. Kate DeWitt, as first successor trustee, conveyed the premises by warranty deed to Louis Hirschberg, plaintiff. This deed is dated March 5, 1941. A notary public certified under his hand and seal on March 5, 1941 that the grantor appeared before him on that date in person and acknowledged that she signed, sealed and delivered the instrument as her free and voluntary act for the uses and purposes therein set forth. The deed was recorded on March 19, 1941. On the deed was a notation directing the recorder to mail it to Karlin and Marks, the attorneys who represented plaintiff in the purchase of the real estate. At the time that Bernice Grace Melchert Wolf conveyed the premises to Henry Hoelcke she made a written assignment of the lease. Likewise, Hoelcke made an assignment of the lease to Charlotte Ebert, as trustee. Kate DeWitt, as first successor trustee assigned the lease to plaintiff. This assignment is dated March 5, 1941, the date of the deed. Paul J. Quetschke & Company, a corporation, acted as agent and real estate broker for the vendor in the management and sale of the property. In closing the deal for the sale of the real estate to plaintiff, the parties made

an escrow agreement dated March 6, 1941, naming the Chicago Title & Trust Company as escrowee. Under the terms of this agreement the escrowee received all of the documents, including the warranty deed dated March 5, 1941, certified checks representing the consideration involved, and the lease. The first provision of the escrow agreement was that the deed was to be recorded when the checks representing the consideration were paid. It was further provided that the title company was then to determine by search whether it was to issue its guarantee policy. The escrowee was then authorized and directed to pay the consideration in the sum of $10,037.97 to Kate DeWitt, as first successor trustee, and to deliver the lease to S. A. Karlin, an attorney for plaintiff. The escrow agreement further provided that in the event the escrowee was not prepared to issue its guarantee policy by April 6, 1941, it was to continue to comply with the instructions given until the receipt of a written demand from any party to the agreement for the return of the deposits made by such party. In that event, the money deposited as consideration was to be returned to the parties entitled thereto, and the purchaser, Louis Hirschberg and his wife were to deliver a quitclaim deed to the vendor reconveying the real estate. The quitclaim deed was to be recorded and a title search again made. On March 7, 1941 a notice of termination was sent by registered mail to the defendants. Apparently, the notice was received by the defendants on the day it was mailed. This notice was signed, "Kate DeWitt, First Successor Trustee to Charlotte J. Ebert, Trustee, deceased, by Paul J. Quetschke & Co., Agents, By Edw. H. Streckert," and recited the provision that the lessor shall have the right to terminate the lease to take effect any time after one year from the date of the lease in the event the lessor made a bona fide sale of the premises. The notice informed defendants that the lessor did on March 5, 1941 make a bona fide sale of the prem-

ises to Louis Hirschberg, and stated that in accordance with the terms of the lease, ''we have elected and do hereby elect to cancel said lease as of December 1, 1941, the said term to expire on said date and the lease thereafter to be cancelled and of no force and effect.'' Defendants paid the rent for the premises to and including the month of November, 1941. Defendants did not vacate the premises, as requested in the notice, and on December 2, 1941 plaintiff served defendants with a demand for immediate possession, following which the complaint was filed.

Defendants maintain that at the time the instant suit was commenced, plaintiff did not have a right to possession of the premises, and point out that the notice of termination was signed by Kate DeWitt, first successor trustee to Charlotte J. Ebert, trustee, deceased, on March 7, 1941, when she did not have any right, title, interest in or control over the premises. Defendants insist that the deed from Kate DeWitt took effect on March 6, 1941, the day it was deposited in escrow with the title company. They say that under the escrow agreement the escrowee had instructions to record the deed, that it was not delivered to the escrowee conditionally, that when Kate DeWitt delivered her deed to the escrowee, she lost all right, title and interest in the premises, and that the subject matter of her agency with Paul J. Quetschke & Company was thereby terminated. Plaintiff asserts that as the assignee of the lease, he has the right to possession of the premises; that defendants were served with proper notice of termination of tenancy; that the deed from the vendor did not take effect on March 6, 1941, the date it was placed in escrow, and that the agency of Paul J. Quetschke & Company for the vendor continued throughout the entire period of the escrow.

Defendants rely strongly on the case of *Gates v. Norton*, 228 Ill. App. 96, and *Price v. Pittsburgh, Ft. W. & C. R. Co.*, 34 Ill. 13. One of the points decided in

the *Gates* case was that a provision for termination such as that contended in paragraph 12 of the lease in the instant case, is a covenant which runs with the land and passes to the successive grantees of the original lessor. In that case this court sustained a judgment for the tenant. However, the factual situation was not at all analogous to the situation presented here. Nor do we consider the rule announced in the *Price* case applicable to the facts of the instant case. If the deed took effect on March 6, 1941, when it was placed in escrow, then of course at the time the notice was given by Kate DeWitt, she had no interest in the property and such notice would not be effective. In *Huber v. Williams,* 338 Ill. 313, the Supreme Court said (318):

"A delivery may be made by acts without words, by words without acts, or by both words and acts, and anything which clearly manifests the grantor's intention that the deed becomes operative and effectual, that he loses control over it and that the grantee becomes possessed of the estate, constitutes a sufficient delivery. . . . A deed is delivered as an escrow where it is deposited with a third person to be delivered by him to the grantee only upon the performance or fulfillment of some condition. The deed is not operative to convey the title until the happening of the event upon which the grantee becomes entitled to the possession of the deed. . . . When that event occurs the delivery by the person holding the instrument will constitute delivery to the grantee."

In *Johnson v. Wallden,* 342 Ill. 201, the Supreme Court said (206):

"Where a deed is delivered to a third person with instructions to deliver to the grantee named therein upon the happening of an event which is certain to occur, the title vests in the grantee upon the delivery in escrow and is not derived through any contract

other than the deed itself. . . . A deed is delivered as an escrow where it is deposited with a third person, to be delivered by him to the grantee only upon the performance or fulfillment of some condition. The deed is not operative to convey the title until the happening of the event, upon which the grantee becomes entitled to the possession of the deed.''

The principal reason for the escrow was to protect the parties in the event the checks were not paid. We are of the opinion that under the terms of the escrow agreement the deed from Kate DeWitt was deposited with the escrowee with instructions to deliver it upon the happening of an event which was not certain to occur. It frequently happens that checks are not honored. It cannot be said that the payment of the checks deposited with the escrowee was an event certain to occur. The lessor was given the right to terminate the lease by notice to take effect at any time after one year from its execution in the event the lessor made a bona fide written contract for the sale of the premises, or a bona fide sale of the premises. As we have seen, this is a covenant which runs with the land and passed to the successive grantees of the original lessor. Kate DeWitt, as first successor trustee, sold the premises to plaintiff. Under the plain terms of the lease she had a right to give notice that the lease would terminate. At the time the notice was given she was still the owner of the premises. The record shows that the deed was not delivered by the escrowee to the plaintiff until after the notice to terminate was served on the defendants. The defendants were notified by the vendor of her election to take advantage of the cancellation provision, concurrently with the pendency of the escrow, and before the purchaser received or was entitled to the lease to the property. The lease was one of the documents placed in escrow. In some cases, in order to prevent injustice or to effectuate the intention of

the parties, the delivery of the deed to the grantee is considered to operate retroactively and to relate back in time and effect to the date the escrow was created. However, this is not a case which calls for the application of that rule. In this case the notice to terminate was given in accordance with the terms of the lease, and by Kate DeWitt, as successor trustee, who at that time had the right to give the notice. We also find that at the time the notice was given, the agents signing and serving the notice were authorized to do so. Based on the notice so given, plaintiff, as the purchaser, had the right to possession of the premises on December 1, 1941.

Defendants argue that there was a variance between plaintiff's pleadings and the proofs. We are of the opinion that there was no variance. Perceiving no error in the record, the judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

HEBEL and KILEY, JJ., concur.