## CHARLES F. BARNES, JR.

### V.

## VNB MORTGAGE CORPORATION, ET AL.

Record No. 821038

September 6, 1985

Present: All the Justices

*David G. Lane (Susan Smith Blakely; Lewis, Mitchell & Moore*, on briefs), for appellant.
*John S. Stump (Boothe, Prichard & Dudley*, on brief), for appellees.

CARRICO, C.J., delivered the opinion of the Court.

This appeal in a declaratory judgment proceeding involves a due-on-sale clause in a deed of trust. Typically, this type of clause provides that the entire balance secured by a deed of trust may be declared immediately due and payable if the property given for security is transferred without the consent of the noteholder.

In a previous case, we considered a due-on-sale clause in the context of a simple real estate transaction wherein property was conveyed subject to a deed of trust, but without the consent of the noteholder. It was contended the noteholder could not invoke the clause in the absence of a showing that the security had been impaired. We rejected the contention and upheld the noteholder's right to invoke the clause. *United Va. Bank/Nat.* v. *Best*, 223 Va. 112, 286 S.E.2d 221, *cert. denied*, 459 U.S. 879 (1982).

In another case, we reviewed a due-on-sale clause in a more sophisticated arrangement whereby the purchaser, without the consent of the noteholder, would take possession of the property and make all payments on an existing deed of trust but would not receive a deed until the amount secured was paid in full. It was contended that the clause was invalid as an unreasonable restraint

on alienation and that the proposed arrangement constituted neither a sale nor a transfer under the clause. We upheld the validity of the clause and ruled its operation would be triggered by the proposed arrangement. *Lipps* v. *First American Serv. Corp.*, 223 Va. 131, 286 S.E.2d 215 (1982).

The present case involves a different twist in the form of a "Land Trust Agreement" (the Agreement), executed pursuant to Code § 55-17.1.[1] The Agreement was part of a transaction which also included a deed of bargain and sale and a deed of trust.

In the deed of bargain and sale dated December 15, 1978, ITR Properties, Inc., conveyed to David G. Lane and James T. Lewis, Trustees (the Trustees), Unit 1701 in a Fairfax County condominium development. The Trustees were to hold the unit in trust "to use, occupy, rent, sell, convey, encumber and otherwise deal with the same as if the absolute beneficial owner[s] thereof."

The Agreement was executed on December 20, 1978, by ITR Properties, Inc., and Lane and Lewis, Trustees. The Agreement designated Charles F. Barnes, Jr., the appellant here, as "the 'Beneficiary'" and identified Unit 1701 as the "'Trust Property.'" The Agreement provided that Barnes would be entitled to "all of the earnings, avails and proceeds of the Trust Property," that his interest would be "deemed to be personal property," and that he would have "no legal or equitable right, title or interest in or to the real estate forming the corpus of [the] trust."

---

[1] **§55-17.1. Trusts not to fail because no beneficiaries are specified by name and no duties laid on trustee; when interest of beneficiaries deemed personal property.**—No trust relating to real estate shall fail nor shall any use relating to real estate be defeated because no beneficiaries are specified by name in the recorded deed of conveyance to the trustee or because no duties are imposed upon the trustee. The power conferred by any such instrument on a trustee to sell, lease, encumber or otherwise dispose of property therein described shall be effective and no person dealing with such a trustee shall be required to make further inquiry as to the right of such trustee to act nor shall he be required to inquire as to the disposition of any proceeds.

In any case under this section, where there is a recorded deed of conveyance to a trustee, the interest of the beneficiaries thereunder shall be deemed to be personal property.

Nothing in this section shall be construed (1) to affect any right which a creditor may otherwise have against a trustee or beneficiary, (2) to enlarge upon the power of a corporation to act as trustee under § 6.1-5 or (3) to affect the rule against perpetuities. (1962, c. 452; 1975, c. 375.)

By deed of trust also dated December 20, 1978, Lane and Lewis, Trustees, conveyed Unit 1701 in trust to secure VNB Mortgage Corporation payment of a promissory note executed by Barnes in the sum of $165,000, representing deferred purchase money for Unit 1701. Paragraph 17 of the deed of trust contains the due-on-sale clause in issue here. The paragraph provides in pertinent part:

> If all or any part of the Property or an interest therein is sold or transferred by Borrower without Lender's prior written consent, . . . Lender may, at Lender's option, declare all the sum secured by this Deed of Trust to be immediately due and payable.

Lane and Lewis, Trustees, joined with Barnes as plaintiffs in the "Complaint for Declaratory Judgment" (the Complaint) filed in the trial court. Named as defendants were VNB Mortgage Corporation, Manufacturers Hanover Trust Company,[2] and the trustees under the deed of trust on Unit 1701.

The Complaint stated that Barnes desired to transfer and assign his interest under the Agreement but that he had been informed by the noteholder it would declare all sums secure by the deed of trust immediately due and payable upon any sale, transfer, or assignment by Barnes of his interest. The Complaint sought the entry of an order declaring (A) that the sale, transfer, or assignment of Barnes' interest under the Agreement would not constitute a sale, transfer, or assignment of Unit 1701 or any interest therein, (B) that Barnes had the right to sell, transfer, or assign his beneficial interest under the Agreement, and (C) that a sale, transfer, or assignment of Barnes' interest under the Agreement would not permit the noteholder to declare the entire remaining balance secured by the deed of trust immediately due and payable.

The defendants joined in filing a demurrer containing two grounds. The first ground alleged that the Complaint failed to state a case of actual controversy cognizable in declaratory judgment. The second ground asserted that the arrangement Barnes intended to employ to avoid the effect of the due-on-sale clause could not "operate to deprive the parties of the rights and liabilities for which they [had] bargained."

---

[2] Manufacturers Hanover Trust Company is the present holder of the promissory note in question.

The trial court sustained the demurrer, holding that the transfer of Barnes' interest as proposed would permit the noteholder to invoke the due-on-sale clause of the deed of trust. The court also held in sustaining the demurrer that Prayer B of the Complaint, which requested a ruling Barnes had the right to sell, transfer, or assign his interest under the Agreement, did not "present a justiciable issue for the Court." Upon Barnes' refusal to amend, the court dismissed the Complaint with prejudice.[3]

On appeal, Barnes recognizes that we upheld the validity of due-on-sale clauses in *Lipps*, and he also acknowledges that the use of such clauses is authorized by statute in Virginia. Code § 6.1-330.34.[4] Nevertheless, Barnes argues, the due-on-sale clause does not apply to the "assignment of [his] beneficial interest under the Land Trust Agreement."

Barnes bases his argument on two propositions. First, he is not a "borrower," as that term is used in the due-on-sale clause and defined elsewhere in the deed of trust. Second, he did not sign the deed of trust and, hence, has not conveyed or granted his beneficial interest under the agreement as security for repayment of the promissory note he signed.

As noted previously, operation of the due-on-sale clause of the deed of trust in question is triggered if "all or any part of the Property or an interest therein is sold or transferred by *Borrower* without Lender's prior written consent." (Emphasis added.) Elsewhere in the deed of trust, it is stated that "[t]he word 'BORROWER,' as used [therein], refers to David G. Lane and James

---

[3] In a convoluted argument difficult to understand, Barnes maintains it was error for the trial court to sustain the demurrer to the Complaint as a whole "on the basis that Prayer B . . . did 'not present a justiciable issue.' " Instead, Barnes says, the court "should have sustained the Demurrer only as to Prayer B and overruled it with respect to the remainder of the [Complaint]." The difficulty with this argument is twofold. First, the point does not appear to have been raised in the trial court. Rule 5:25. Second, the argument overlooks the fact that the trial court sustained the demurrer not only because Prayer B failed to state an issue cognizable in declaratory judgment but also because the remainder of the Complaint showed as a mater of law that the transfer of Barnes' interest as proposed would trigger operation of the due-on-sale clause. Hence, when Barnes says the trial court should have overruled the demurrer "with respect to the remainder of the [Complaint]," he seemingly means merely that the court erred in not ruling in his favor.

[4] Under Code § 6.1-330.34, use of due-on-sale clauses is permitted, provided the mortgage or deed of trust containing the clause bears a statement advising the borrower that "[t]he debt secured [thereby] is subject to call in full or the terms thereof being modified in the event of sale or conveyance of the property conveyed." The deed of trust involved in the present case bears the required statement.

T. Lewis, Trustees in all cases where the term 'Borrower' refers to the Grantors of the legal title to the . . . property and in all other cases the word 'Borrower' refers to Charles F. Barnes, Jr., the maker of the note secured [thereby]."

Barnes says it is apparent from this definition that "the term 'Borrower' was intended . . . to refer *either* to the Trustees *or* to Barnes and not to the three of them collectively or to any one or more of them at the election of the noteholder." (Emphasis in original.) Therefore, Barnes submits, since only the Trustees' signatures were required on the deed of trust, it follows that the word "borrower" as used in the due-on-sale clause "can only be interpreted as referring to the Trustees, not to Barnes."

It is important in this analysis, Barnes opines, to understand the distinction between the nature of his interest on the one hand and the interest of the Trustees on the other. His interest, Barnes maintains, is not in the property but in the Land Trust Agreement and is personal in nature, while the interest of the Trustees is in the property itself and is real in nature. Consequently, Barnes concludes, the due-on-sale clause creates no right in the lender "to accelerate Barnes' obligation in the event of a conveyance *by him* of his beneficial interest under the Land Trust Agreement." (Emphasis in original.)

We disagree with Barnes. While it is clear that the term "borrower," as used in the deed of trust, refers in some instances to the Trustees alone and in others to Barnes alone, it is equally clear that in a number of instances the term refers to both Barnes and the Trustees.[5] And we believe a prime example of this latter type of usage is found in the due-on-sale clause itself.

---

[5] Citing *Wachta* v. *First Fed. Sav. & Loan Ass'n*, 103 Ill. App. 3d 174, 430 N.E.2d 708 (1981), Barnes contends the word "borrower," as used in the due-on-sale clause, is ambiguous and must be strictly construed against the lender, the preparer of the deed of trust. But we find no ambiguity in the word "borrower" in this case. Furthermore, *Wachta* is inapposite. The due-on-sale clause there became operative upon the conveyance of title or the execution of an agreement to convey title, while the clause here becomes operative upon the sale or transfer of the property or an interest therein.

*Fairbury Fed. S&L Ass'n* v. *Bank of Ill.*, 122 Ill. App. 3d 808, 462 N.E.2d 6 (1984), also cited by Barnes, involved a due-on-sale clause practically identical with the one now under review, and the transaction the lender claimed had triggered operation of the clause consisted of the assignment of the beneficial interest in a land trust. While the appellate court held that the clause had not been triggered because the deed of assignment had not been executed, the court yet affirmed a trial court finding that "[t]he assignment of a beneficial interest in a land trust does not trigger a due on sale clause." 122 Ill. App. 3d at

The due-on-sale clause speaks of a sale or transfer by "borrower." If Barnes is correct in saying that the term "borrower" in this context means only the Trustees, then he must admit that only the Trustees have any authority to sell or transfer the property or an interest therein while the deed of trust is outstanding. Yet, Barnes claims the right to sell and transfer his beneficial interest, notwithstanding the existence of the deed of trust.

Barnes claims, of course, that the interest he intends to sell or transfer is one existing under the Land Trust Agreement, not in the property, and that his interest under the Agreement is separate and distinct from the property itself. But, under the Agreement, Barnes has "the right and power to manage and control the Trust Property [and] to direct the Trustees to sell, assign, convey or mortgage the Trust Property." Given the extent of Barnes' control over the property and the transparency of his effort to avoid the effect of the due-on-sale clause, we perceive his attempt to divorce himself from any interest in the property as an unacceptable bit of sophistry.

In a similar situation, the Fourth Circuit Court of Appeals recently reviewed a due-on-sale clause in a Virginia deed of trust. The clause was identical with the one involved in the instant case, and the transaction cited by the lender as triggering the clause was the assignment of a beneficial interest in a land trust created under Va. Code § 55-17.1. The beneficiary contended that the assignment did not constitute a sale or transfer within the meaning of the clause. The Court rejected the contention and characterized the effort to avoid operation of the due-on-sale clause as a "[n]ow you see it, now you don't" sort of proposition. *Williams* v. *First Fed. Sav. & Loan Ass'n, etc.*, 651 F.2d 910, 917 (4th Cir. 1981).

Barnes also claims that, pursuant to Code § 55-17.1, his interest under the Agreement is "deemed to be personal property," and, hence, is not included within the term "property," as that term is used in the due-on-sale clause. Code § 55-17.1, however, provides that "[n]othing in this section shall be construed . . . to affect any right which a creditor may otherwise have against a trustee or beneficiary." To the extent, therefore, that the "deemed to be personal property" provision would affect the noteholder's right to in-

---

810, 462 N.E.2d at 8. The case may be in point, but we find the appellate court's opinion unpersuasive.

voke the due-on-sale clause against Barnes, the provision is ineffectual.

Furthermore, nothing in Paragraph 17 of the deed of trust, which contains the due-on-sale clause, indicates that operation of the clause is limited to sales or transfers involving interests real in nature. Indeed, Paragraph 17 excludes from operation of the due-on-sale clause certain transactions involving interests purely personal in nature, namely, "the creation of a purchase money security interest for household appliances" and "the grant of any leasehold interest of three years or less not containing an option to purchase."[6] If only interests real were intended to be included in the due-on-sale clause, it would not have been necessary to exclude specific interests of a personal nature.

This brings us to Barnes' argument based upon the fact that he did not sign the deed of trust. Because he was not a party to the deed of trust, Barnes says, "he has not conveyed or granted his beneficial interest under the Land Trust Agreement as security for the repayment of the loan secured by the Deed of Trust." Barnes also says "there is no evidence that [the Trustees] had any right or ability to convey in trust any interest of Barnes," and, consequently, "Barnes' interest under the Land Trust Agreement does not comprise any portion of the secured 'Property' which was conveyed by the Trustees under the Deed of Trust."

Again, we disagree with Barnes. It may be true as an abstract proposition that, because Barnes did not sign the deed of trust, *he* has not granted or conveyed his beneficial interest. We cannot look to the deed of trust alone, however, to determine the realities of the situation. We must consider not only the deed of trust but also the deed of bargain and sale, the Land Trust Agreement, and Code § 55-17.1, which authorized the creation of Barnes' land trust in the first place.

The deed of bargain and sale conveyed Unit 1701 to Lane and Lewis, Trustees, in trust "to use, occupy, rent, sell, convey, encumber and otherwise deal with the same *as if the absolute beneficial owner[s] thereof.*" (Emphasis added.) The deed vested the Trustees "with full power to convey, mortgage, lease and execute such deeds, deeds of trust, notes, and any and all other instruments in connection therewith, without the necessity of any writ-

---

[6] A leasehold estate is personal property. *Burns* v. *The Equitable Associates*, 220 Va. 1020, 1029-30, 265 S.E.2d 737, 742-43 (1980).

ten authorization from any beneficial owner." The deed also expressly relieved "any purchaser, lessee, mortgagee or other person dealing with said Trustee[s] from any necessity of seeing to the application of the proceeds."

The Land Trust Agreement stated that it was "the intention of the parties that the deed conveying the Property to the Trustees is sufficient to disclose all necessary powers and rights of the Trustees." The Agreement also stated that no person "who may deal with the trustees [shall] be required to inquire into the necessity or expediency of any act of the Trustees." Further, the Agreement contained a provision stating that "[r]ecitals of fact contained in any instrument executed by the Trustees as to the due authority of the Trustees to act in any matter whatsoever, shall be conclusively presumed correct as to any persons (other than the Beneficiary) dealing with the Trustees."

The deed of trust conveyed Unit 1701 "[t]ogether with all . . . rights . . . rents . . . and profits" in trust to secure payment of the note signed by Barnes. The instrument contained a covenant that "Borrower [was] lawfully seised of the estate [thereby] conveyed and [had] the right to grant and convey the Property, that the Property is unencumbered, and that Borrower will warrant and defend generally the title to the Property against all claims and demands."

The foregoing provisions are all consistent with Code § 55-17.1. This Code section states that "[t]he power conferred . . . on a trustee [in a land trust] to sell, lease, encumber or otherwise dispose of property . . . shall be effective and no person dealing with such a trustee shall be required to make further inquiry as to the right of such trustee to act."

From all this, we think it is clear that the Trustees had full authority to act with respect to Unit 1701 in the manner prescribed by the deed of bargain and sale, viz., "as if [they were] the absolute beneficial owner[s] thereof." In this capacity, they had the power to convey not only the legal title to, but also Barnes' beneficial interest in, Unit 1701 as security for payment of the promissory note he had signed.[7]

---

[7] Because the Trustees did have the authority to convey both the legal title and Barnes' beneficial interest as security for his indebtedness, *Wilkerson* v. *Wilkerson*, 151 Va. 322, 144 S.E. 497 (1928), and *General Electric Credit* v. *Lunsford*, 209 Va. 743, 167 S.E.2d 414 (1969), cited by Barnes, are inapposite. Barnes cites *Wilkerson* for the statement that a deed not signed or sealed by one of the grantors is without effect so far as the interests of

In sum, we agree with the trial court that "a transfer of the interest of Charles F. Barnes, Jr., as disclosed by the Complaint would permit invocation [of the due-on-sale clause] by the holder of the note secured by the Deed of Trust." Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*

---

that grantor are concerned. 151 Va. at 329, 144 S.E. at 499. Barnes quotes this statement from *Lunsford*: "The fact that [the lender] might also be a holder in due course of a negotiable note for which the deed of trust is security does not extend [the lender's] interest in the property beyond that granted by the deed of trust." 209 Va. at 748, 167 S.E.2d at 418. Both statements are undoubtedly true in proper context, but neither applies here, where the circumstances are entirely different.