LEASING SERVICE CORPORATION

V.

VIRGIL B. JUSTICE

Record No. 911296

April 17, 1992

Present: All the Justices

Steven R. Minor (Kurt Pomrenke; White, Elliott & Bundy, on brief), for appellant.
Daniel W. Fast (Donald E. Earls, on brief), for appellee.

JUSTICE WHITING delivered the opinion of the Court.

In this case, we construe Code § 8.01-455 in deciding whether a trial court correctly ordered a judgment creditor's recorded judgment marked "satisfied in bankruptcy."*

On September 28, 1981, the United States District Court for the Western District of Virginia awarded Leasing Service Corporation (LSC) a $2,369,897.10 judgment against Virgil B. Justice. On August 6, 1982, this judgment was docketed in the clerk's office of the Circuit Court of Wise County.

In November 1982, LSC filed a suit in the Circuit Court of Wise County seeking to set aside Justice's allegedly fraudulent conveyance of land in Wise County to his mother. Before the circuit court could rule on the issue, Justice filed a voluntary petition for bankruptcy relief. Justice was ultimately discharged from personal liability upon LSC's judgment by a March 30, 1983 order of the United States Bankruptcy Court for the Western District of Virginia.

Justice's trustee in bankruptcy sought to have the conveyance set aside as fraudulent in an adversary proceeding in the bank-

---

* As pertinent, Code § 8.01-455(A) provides that

[a] defendant in any judgment . . . may, on motion, after ten days' notice thereof to the plaintiff in such judgment, . . . apply to the court in which the judgment was rendered, to have the same marked satisfied, and upon proof that the judgment has been paid off or discharged, such court shall order such satisfaction to be entered on the margin of the page in the book wherein such judgment was entered. . . . Upon a like motion and similar proceeding, the court may order to be marked "discharged in bankruptcy," any judgment which may be shown to have been so discharged.

ruptcy court. After a hearing on the merits, the trustee's action was dismissed. The record does not indicate whether this dismissal was appealed.

On February 1, 1991, pursuant to the provisions of Code § 8.01-455, Justice filed a motion to have LSC's judgment marked "discharged in bankruptcy." LSC opposed this motion on the grounds that its judgment was a lien upon any land Justice may have owned in Wise County at the time he filed his petition in bankruptcy, and that the trial court could not release its judgment lien in this proceeding.

Because it found that "LSC can cite no . . . real property owned nor recorded by Justice in Wise County, [other than the property that the trustee unsuccessfully claimed was fraudulently conveyed]," the circuit court held that "no judgment lien ever attached." Therefore, the circuit court sustained Justice's motion and "ordered the judgment released." LSC appeals.

 LSC's judgment was "a lien on all the real estate of or to which [Justice] is or becomes possessed or entitled, from the time such judgment is recorded on the judgment lien docket of the clerk's office of the county . . . where such land is situated." Code § 8.01-458. That lien is imposed on all of Justice's real property interests in Wise County that were acquired after LSC's judgment was recorded, *Miller* v. *Kemp*, 157 Va. 178, 190, 160 S.E. 203, 206 (1931), but Justice's discharge in bankruptcy made LSC's lien ineffective as to any real property interests in Wise County that Justice acquired *after* the commencement of his bankruptcy proceedings, 11 U.S.C. § 524(a)(3) (1978).

 However, Justice's discharge in bankruptcy would not prevent LSC from a post-discharge enforcement of its lien upon his Wise County real property interests that were acquired *before* the commencement of the bankruptcy proceedings. *Id.*; 3 Collier on Bankruptcy § 524.01(3) (Lawrence P. King, ed., 15th ed. 1992). Here, LSC's judgment was recorded in Wise County *before* Justice filed his bankruptcy petition. Therefore, the judgment continued to be a lien on any interest Justice may have had in land in that county despite his bankruptcy discharge from personal liability for payment of the judgment. *Dockery* v. *Flanary*, 194 Va. 318, 323, 73 S.E.2d 375, 378 (1952). Otherwise stated, LSC's judgment *lien* was not "paid off or discharged" in Justice's bankruptcy proceedings. Accordingly, the trial court erred in ordering that the lien be released under the provisions of Code § 8.01-455.

Furthermore, the trial court erred in two additional respects. First, the trial court could only determine those issues set forth in the statutory authorization for a court-ordered release of liens upon property. *Wagner* v. *Peters*, 142 Va. 412, 416, 128 S.E. 445, 446 (1925). In *Wagner*, we held that a trial court could not adjudicate a collateral issue of whether the payment of insurance proceeds on the secured property to the trustee of the deed of trust constituted the payment of the deed of trust where the proceeding was brought under the provisions of Code § 55-66.5. In pertinent part, Code § 55-66.5 authorized a trial court to order the release of a deed of trust "upon proof that it has been paid or discharged." Thus, in this case, the trial court could only have ordered the release of LSC's *lien* in a Code § 8.01-455 proceeding upon proof that it had been "discharged in bankruptcy."

Second, Justice has the burden of proof as to his entitlement to relief under Code § 8.01-455. *See Hall Bldg. Corp.* v. *Edwards*, 142 Va. 209, 211, 128 S.E. 521, 522 (1925) (burden of proof on proponent of release of deed of trust under the predecessor to Code § 55-66.5). Hence, the trial court erred in imposing the burden on LSC to show that Justice had property in Wise County that was subject to its lien.

For all these reasons, we will reverse the judgment of the trial court and will dismiss Justice's motion.

*Reversed and dismissed.*