# CIRCUIT COURT OF FAIRFAX COUNTY

BC Consultants, Inc.

v.

James Shangle

February 8, 1994

Case No. (Law) 126987

BY JUDGE GERALD BRUCE LEE

The question is whether a creditor's unsecured lien on a truck survived the Debtor's Petition in Bankruptcy. This matter is before the Court on BC Consultants' (Creditor) Motion to Reconsider the Court's January 7, 1994, ruling dismissing Creditor's action against James Shangle (Debtor). Having considered the argument and memoranda of counsel, the Court grants Creditor's Motion to Reconsider.

This case is a creditor's detinue action for a writ of possession for a 1990 Chevrolet truck pledged as security by the Debtor. On December 30, 1991, the Creditor was granted judgment against the Debtor for $4,429.59, plus interest. On April 27, 1992, the Debtor pledged the Chevrolet truck as security for his promise to pay the judgment balance in installments. Debtor defaulted on the payments. On December 23, 1992, the Debtor filed his Petition in Bankruptcy pursuant to Chapter 7 of the U. S. Bankruptcy Code. Debtor was discharged from his personal liability for his pre-petition debts on April 14, 1993.

Creditor contends that a valid lien was placed on the truck as between Creditor and Debtor. Creditor also contends that a trustee in bankruptcy or bankruptcy court must avoid a lien in a bankruptcy proceeding. Here, neither the trustee nor the bankruptcy court exercised their lien avoidance power; therefore, the Creditor's lien survived bankruptcy.

Debtor does not dispute that he granted Creditor a lien against his truck. Debtor argues that the Bankruptcy Code voiding provisions are effective without intervention by the trustee once the status of the creditor is determined. Debtor maintains that this Court, citing *Richlands National Bank v.*

*Smith*, 34 B.R. 749 (D.C. 1983), ruled that the Creditor is unsecured. Thus, Debtor asserts that Creditor's lien was avoided by operation of law and failed to survive bankruptcy.

The Court affirms that the Creditor failed to perfect its lien[1] under *Richlands, supra*, at 752, and, therefore, is unsecured as to third parties, including the trustee in bankruptcy. However, the Creditor is entitled to rely upon and enforce its lien against Debtor. *Bain v. Commonwealth*, 215 Va. 89, 91, 205 S.E.2d 641 (1974); see *Leasing Services Corp. v. Justice*, 243 Va. 441, 416 S.E.2d 439 (1992) (where the Virginia Supreme Court held that a bankruptcy discharge may release a debtor from personal liability but does not prevent post-discharge enforcement of pre-petition liens).

In this case, Debtor granted Creditor a valid lien on his truck. The Creditor's failure to perfect the lien as to third parties does not defeat the Creditor's lien and interest in the truck. Furthermore, the trustee and the bankruptcy court had the power to avoid the lien in bankruptcy but did not exercise it. 11 U.S.C. § 544(a). Consequently, Debtor's Petition in Bankruptcy discharged Creditor's money judgment, and the Creditor's lien survived bankruptcy. *Richlands, supra* at 752. Therefore, the Court holds the Creditor possesses a valid lien on Debtor's truck.[2] Accordingly, Creditor's Motion to Reconsider is granted.

---

[1] § 46.2-638 Virginia Code (Repl. Vol. 1989 & Cum. Supp. 1993).

[2] Debtor claimed a $2,000.00 homestead exemption on the truck. 11 U.S.C. 522(b)(2). If Creditor chooses to sell the truck, the initial $2,000.00 should be forwarded to Debtor in satisfaction of his exemption.