# Wytheville.

## G. S. WAGNER v. H. G. PETERS, TRUSTEE, AND CALE-
## DONIAN INSURANCE COMPANY.

### June 25, 1925.

1. FIRE INSURANCE—*Liability on Policy—Liability to Assured who De-*
*stroys the Property.*—If the owners of property insured destroy the
property, clearly there is no liability to the assured under the policy,
even though the insurance company may be liable thereunder to a
creditor under the mortgage clause.

2. MORTGAGES AND DEEDS OF TRUST—*Liens—Records—Entry of Satisfac-*
*tion—Section 6456 of the Code of 1919.*—Section 6456 of the Code of
1919, providing for the entry of satisfaction upon the record of liens,
mortgages, etc., when the debt has been paid, affords a summary
and expeditious remedy for a debtor who has paid the debt secured,
"upon proof that it has been paid or discharged," to have the record
show this, and the consequent release of the lien. Under the statute
there is only a single fact to be established, that is, payment or
discharge of the debt; and the statute cannot be construed to author-
ize the decision of such decisive collateral issues as must arise in
order to determine whether an insurance company is liable to the
plaintiff under a policy of insurance, of which the question as to
whether plaintiff forfeited all of his rights thereunder by destroying
the property himself is only one.

3. MORTGAGES AND DEEDS OF TRUST—*Liens—Records—Entry of Satisfac-*
*tion—Section 6456 of the Code of 1919—Fire Insurance—Case at Bar.*—
The instant case was a motion under section 6456 of the Code of 1919
to require the trustee in a deed of trust to cancel and mark satisfied
the lien of the deed of trust. Plaintiff claimed that the deed had
been satisfied by payment of a fire insurance policy to the trustee.
The trustee and the insurance company, however, claimed that there
was no liability of the insurance company to the maker of the deed
of trust because he had destroyed his own property.

   *Held:* That it was not error to dismiss the motion as the court had
   no jurisdiction under section 6456 to litigate the question presented.

4. MORTGAGES AND DEEDS OF TRUST—*Liens—Section 6456 of the Code of*
*1919 Providing for Entry of Satisfaction—Trial of Collateral Issues.*—
Under section 6456 of the Code of 1919, providing for the entry of
satisfaction upon the record of liens which have been paid, there is

only a single fact to be established, that is, the payment or discharge of the debt secured. The statute does not confer jurisdiction to litigate other decisive collateral issues.

5. Fire Insurance—*Mortgages and Deeds of Trust—Discharge of Company's Obligation to Creditor under Mortgage Clause not Proof of Payment of the Debt of the Mortgagor—Case at Bar.*—Under the usual standard mortgage clause in a policy of insurance the liability of the company to the mortgage creditor does not depend upon its liability to the mortgagor, for that liability cannot "be invalidated by any act or neglect of the mortgagor or owner" of the property; and it is an express contract that, if there is no liability to the assured, the company, to the extent that it discharges its obligations to his creditor, shall be subrogated to that creditor's right of recovery and to the collateral pledged to secure the debt. So where all that appeared by the evidence was that the company had discharged its obligation to the creditor, had denied all obligation to the mortgagor, and had exercised its rights under the contract to an assignment of the note secured by the mortgage, these facts did not prove that the mortgagor had paid the debt, and was, therefore, entitled to sustain a motion against the trustee in the deed of trust to have the deed of trust marked satisfied under section 6456 of the Code of 1919.

6. Fire Insurance—*Mortgage Clause—Validity.*—The usual standard mortgage clause of a fire insurance policy is valid.

Error to a judgment of the Corporation Court of the city of Bristol, in a proceeding by motion under section 6456 of the Code of 1919 to have a deed of trust canceled and marked satisfied. Motion dismissed and movant assigns error.

*Affirmed.*

The opinion states the case.

*J. S. Ashworth,* for the plaintiff in error.

*D. T. Stant* and *H. T. Campbell,* for the defendants in error.

Prentis, P., delivered the opinion of the court.

This is a motion under Code section 6456, made by Wagner, the owner of certain real estate, to require H. G. Peters, trustee, to cancel and mark satisfied the lien thereon created by a certain deed of trust executed by a former owner of the property to secure the payment of a note for $1,500.00, alleging that the lien has been fully satisfied and paid by the Caledonian Insurance Company in accordance with its policy of insurance for $2,000.00.

The answer of the insurance company, in resisting the motion, alleges:

"Said deed of trust required the owner of the property to keep it insured in at least the sum of $1,500.00 for the benefit of the indebtedness secured by said deed of trust and in pursuance thereof, plaintiff and said trustee had attached to defendant's policy No. 3075940 the usual and standard mortgage clause, making loss payable to the defendant (Peters) as trustee, as his interest may appear.

"When thereafter the building covered by said policy of insurance was destroyed by fire this defendant claimed and now claims that as to the owner of the property no liability existed because said building was so destroyed by the act of the owner. Acting under the provision of said mortgage clause this defendant paid the mortgage debt to said trustee, which with interest amounted to $1,605.00, and on January 29, 1923, required and took an assignment of the deed of trust and the note secured thereby. On account of the claim of no liability and assignment herein described this defendant insists that the deed of trust and note should not be cancelled and released, but that upon maturity of said deed of trust, December the 28, 1923, it will be entitled to all the rights and privi--

leges of the holders of the note described therein, including the right to sell the lot conveyed thereby.

"CALEDONIAN INSURANCE COMPANY,

"By Counsel."

The only evidence introduced by the plaintiff is the insurance policy containing the usual standard mortgage clause, and the deed of trust to H. G. Peters, trustee. The defendant introduced the note which was secured by the deed of trust with its endorsements and the written assignment thereof to the trustee, which reads:

"The Caledonian Insurance Company, of Scotland, having paid $1,605.00 in settlement of this note under the provisions of mortgage clause attached to policy 3075940 this note is assigned to said Caledonian Insurance Company, of Scotland, but without any recourse in any way on me. This January 29, 1923.

"H. G. PETERS, Trustee."

The provisions of the mortgage clause which are relied on by the company read:

"Loss, if any, payable to H. G. Peters, as mortgagee (or trustee) as such interest may appear.

"This policy, as to the interest therein of the said payee, as mortgagee (or trustee) only, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property nor by the commencement of foreclosure proceedings, nor the giving of notice of sale relating to the property, nor by any change in the interest, title or hazard;   *   *.

"On payment to such mortgagee (or trustee) of any sum for loss or damage hereunder, if this company shall claim that, as to the mortgagor or owner, no liability existed, it shall, to the extent of such payment, be

subrogated to the mortgagee's (or trustee's) right of recovery and claim upon the collateral to the mortgage debt, but without impairing the mortgagee's (or trustee's) right to sue; or it may pay the mortgage debt and require an assignment thereof and of the mortgage."

The court held, (1) that section 6456 does not confer jurisdiction to litigate and decide in this proceeding the issue presented, and (2) that even if the section confers such jurisdiction, the evidence is insufficient to afford the relief sought; wherefore the motion was dismissed without prejudice.

The plaintiff is here assigning as error each of these rulings.

[1] It is seen, then, that the first question is whether the statute confers jurisdiction to decide such collateral issues as may arise under the policy of insurance, and primarily whether there was any liability to the assured under the policy. If the owners of the property destroyed it, clearly there is no such liability, even though the company may be liable thereunder to the creditor under the mortgage clause.

[2-4] 1. The statute affords a summary and expeditious remedy for a debtor who has paid the debt secured, "upon proof that it has been paid or discharged," to have the record show this, and the consequent release of the lien. Certainly it was not intended to afford an alternative remedy for an action upon an insurance policy. Under the statute there is only a single fact to be established, that is, payment or discharge of the debt, while there are many facts which must be established before the assured can recover under a policy of insurance. There is no explanation in the record of the failure of the assured to sue for the amount of the policy, $2,000.00. If he had.

so sued and recovered a sum sufficient to liquidate the lien debt, then if the company had refused to mark the lien satisfied, the motion could have been maintained. The statute cannot be construed to authorize the decision of such decisive collateral issues as must arise in order to determine whether the company is liable to the plaintiff under the policy, of which the question as to whether he forfeited all of his rights thereunder by destroying it himself is only one. *Turnbull* v. *Mann*, 94 Va. 182, 26 S. E. 510.

[5] 2. Reverting to the mortgage clause, it is seen that the liability of the company to the creditor does not depend upon its liability to the plaintiff, for that liability cannot "be invalidated by any act or neglect of the mortgagor or owner" of the property; and it is an express contract that if there is no liability to the assured, the company, to the extent that it discharges its obligation to his creditor, shall be subrogated to that creditor's right of recovery and to the collateral pledged to secure the debt; and to this end that it might pay the debt and require an assignment thereof.

So that all that is shown by the evidence is that the company has discharged its obligation to the creditor, has denied all obligation to the plaintiff, and has exercised its rights under the contract to an assignment of the note. This it clearly had the right to do. The discharge of its obligations to the creditor and the exercise of its right to take the assignment do not remotely affect or prejudice the rights of the plaintiff under his policy. Most certainly these facts do not prove that the plaintiff has paid the debt.

[6] The cases relied on by the plaintiff are those where, under proper proceedings for the decision of the issues involved, the courts have construed the mortgage clause. Its validity has always been upheld so far as

we are informed. Among the pertinent cases is *Milwaukee Mech. Ins. Co.* v. *Ramsey*, 76 Oregon 570, 149 Pac. 542, L. R. A. 1916 A, 556, Ann. Cas. 1917 B, 1152, and note, citing many cases. They are not in conflict with our conclusion, and supply no aid in the decision of the limited issue presented by this motion.

The order is plainly right.

*Affirmed.*