# Richmond

## CHARLES N. KIDD v. J. WALTER BROTHERS, ET AL.

September 1, 1971.

Record No. 7567.

Present, All the Justices.

James A. Gorry, III (Murphy, Bennett & Gorry, on brief), for appellant.

Grover C. Wright, Jr. (Caton & Wright, on brief), for appellees.

GORDON, J., delivered the opinion of the court.

The question presented is whether a transaction between plaintiff Charles N. Kidd and defendant J. Walter Brothers was usurious.

Kidd desired to buy property in Virginia Beach listed for sale at $29,000, but was unable to obtain the necessary financing from conventional sources. Brothers agreed that he would lend Kidd $29,000 at 8% interest. Upon advice of counsel respecting the usury laws, however, they agreed orally that Brothers should buy the property and resell it to Kidd.

By contract dated September 8, 1964, Brothers agreed to buy the property for $28,000 from the owner, Harold W. James. By contract dated September 9, 1964, Kidd agreed to buy the property from Brothers for $29,000. Kidd's counsel concedes that before execution of the September 9 contract, Brothers was not obligated to sell the

property to Kidd and Kidd was not obligated to buy it from Brothers.

James conveyed the property to Brothers and Brothers conveyed it to Kidd. Kidd delivered to Brothers his promissory note in the principal amount of $29,000, secured by a deed of trust. The note bore interest at 8% per annum on the unpaid balance and was payable in 120 monthly installments of $351.86.

After Kidd had paid 52 monthly installments, he brought this suit alleging that his note was usurious and seeking a declaratory judgment to that effect.

When the note was delivered, the legal rate of interest in Virginia was 6% per annum. Va. Code Ann. § 6-346 (1950). The statute declared any contract or assurance made for a loan or forbearance of money at a greater rate of interest illegal as to the excess over the principal amount lent or forborne. *Id.*

At least since 1873, it has been settled in Virginia that usury does not attach to *bona fide* sale transactions. *Graeme* v. *Adams*, 64 Va. (23 Gratt.) 225, 234 (1873). "There is, in such case, no element of a loan, nor any forbearance of a debt in the sense of the statute". *Id.* We have recently reaffirmed that a seller of property may exact a higher time price than cash price, and that the time price differential "is not considered interest in the strict sense and may exceed an amount which, if considered interest, would be usurious". *General Electric Credit Corp.* v. *Lunsford*, 209 Va. 743, 748, 167 S.E.2d 414, 418 (1969).

The contract made between Brothers and Kidd on September 9, 1964 was an arms length agreement for the sale of property by Brothers, who was not obligated to sell, and the purchase of property by Kidd, who was not obligated to buy.[1] Nonetheless, Kidd contends that the transaction constituted a loan because interest (8% per annum) was stipulated in the note.

The authorities disagree whether a time price differential involves usury where the differential is expressed in terms of interest payable and the stipulated rate exceeds the permissible rate for a loan or forbearance. *See A. Corbin, Contracts* § 1500, n. 80 (1962). Virginia has adopted the rule that in the case of a sale of property, "it is wholly immaterial whether the enhanced price be ascertained by the simple addition of a lumping sum to the cash price, or by a per centage

---

[1] We are not called upon to decide, and do not decide, whether the transaction between Brothers and Kidd would have constituted a loan if Brothers had been obligated to sell the property to Kidd when he contracted to buy it from James.

thereon. In neither case is the transaction usurious." *Graeme* v. *Adams, supra* at 234.

We see no sound reason for changing the established rule. Accordingly, we hold that since the transaction between Brothers and Kidd involved a *bona fide* sale, the transaction was not usurious.

*Affirmed.*