## CIRCUIT COURT OF THE CITY OF WINCHESTER

Thomas Brill

v.

Ruth Pomeroy Smeltzer

November 10, 1992

Case Nos. (Chancery) 92–162 and (Law) 92–239

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court upon the defendant's demurrer that neither the usury statute nor the Virginia Consumer Protection Act are applicable to the instant cases. Upon consideration of the argument and memoranda of the parties, the Court makes the following rulings.

### I. *Findings of Fact*

For the purposes of the demurrer, the following facts alleged in the bill of complaint are taken to be true.

On September 17, 1984, Thomas and Patricia Brill entered into a contract of sale with the defendant Ruth Smeltzer for the purchase of a home on West Southwerk Street in the City of Winchester. The contract provided for a purchase price of $35,000.00. There was a $50.00 down payment, and in addition $1,000.00 was paid by the Brills upon the execution of the contract. The contract further provided that the remaining $33,950.00 "which shall be evidenced by a Promissory Note of even date herewith and executed simultaneously herewith with interest at the rate of fourteen percent (14%) per annum, with monthly installments of principal and interest of Four Hundred Two and $^{28}/_{100}$ — ($402.28) . . . ."

The contract provided that the closing would be held on or before September 15, 1984, but no closing has been held.

While there may be a question as to whether the promissory note was executed, that is not material to the issues raised by the demurrer.

At the time the contract and promissory note were executed by the parties, the contract rate of interest specified by Va. Code § 6.1–330.55 was 8%.

The note was not secured by a deed of trust. The contract provides that in the event of default in payment for forty-five days after being sent a notice of default, that defendant Smeltzer would become the "sole owner" of the property and retain all payments previously paid by the Brills as liquidated damages.

The contract provided for late charges at the rate of 1.5% and that the Brills pay all costs of "notification" of default under the forfeiture provision including mailing an attorney's fee.

From time to time between 1984 and the present, the Brills were charged a late fee of $25.00 or $50.00 and, if the notice of default was written by an attorney, an additional 15% of the arrears was required to be paid by the Brills as attorney's fees in order for Mrs. Smeltzer to consider them to be current. Since 1984, over $1,000.00 in such late fees and expenses have been paid by the Brills.

On August 18, 1992, Mrs. Smeltzer filed an unlawful detainer action against the complainant seeking an order of eviction because of their breach of the contract by their failure to make the monthly payments.

The complaint also avers that Mrs. Smeltzer was not able to convey the title to Mr. Brill under the terms of the contract so that Mr. Brill is entitled to rescind the contract.

## II. *Conclusions of Law*

In considering a demurrer, the Court must apply "the settled rule that a demurrer admits the truth of all well-pleaded material facts. All reasonable inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading." *Russo v. White*, 241 Va. 23, 24, 400 S.E.2d 160 (1991), quoting *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373 (1988).

In September, 1984, the maximum statutory rate of interest specified for loan contract was 8% per annum. Va. Code § 6.1–330.11. The usury statute declares that any contract or assurance made for a loan or a forbearance of money at a greater rate of interest is illegal. In order for the usury statutes to apply, there must either be a loan or

a forbearance, both of which are terms of art which are defined in 45 Am. Jur. 2d *Interest and Usury*, § 117.

> To constitute usury there must be a loan of money or a forbearance of an existing indebtedness, and if there is no showing thereof, there is nothing upon which to predicate a charge of usury. A "loan" is an advancement of money or other personal property under a contract or stipulation, express or implied, whereby the person to whom the advancement is made binds himself to repay it at some future time, together with such other sum as may be agreed upon for the use of the money or thing advanced. If such is the intent of the parties, the transaction will be deemed a loan regardless of its form. "Forbearance," as used in the usury law, signifies a contractual obligation of a lender or creditor to refrain during a period of time from requiring a borrower or debtor to pay a loan or debt that is due and payable. In case of a forbearance, it is not necessary that it be proceeded by an actual loan, provided a debt has already been created; the usury will consist in the agreement for excessive interest in order to secure an extension of time.

*Accord, Graeme v. Adams*, 64 Va. (23 Gratt.) 225 (1873); and *Hopkins v. Koonce*, 47 Va. (6 Gratt.) 387 (1849). There was neither a loan nor a forbearance under the facts of this case.

"It is generally held that a finance or other similar charge in excess of the highest lawful rate of interest included in a bona fide conditional sale contract as part of the 'time' or credit price is not usurious." 45 Am. Jur. 2d, *Interest and Usury*, § 127. Virginia has long followed the same rule that interest charge on a bona fide sale is not usurious. *General Electric Corp. v. Lunsford*, 209 Va. 743, 748, 167 S.E.2d 414 (1969); and *Kidd v. Brothers*, 212 Va. 197, 198, 183 S.E.2d 140 (1971).

The promissory note was a collateral agreement to the September 17, 1984, real estate sales contract between Brill and Smeltzer, and the fact that it was designated a note does not alter the fact that it was executed incident to a bona fide sale and was not given incident to a loan or forbearance within the meaning of the usury statute.

The Virginia Consumer Protection Act defines "goods" as "all real, personal or mixed property, tangible or intangible" so the Virginia Consumer Protection Act may potentially apply to the sale of real estate. However, in *Smith v. United States Credit Corp.*, 626

F. Supp. 102, 103 (E.D. Va. 1985), aff'd 801 F.2d 661 (4th Cir. 1986), it was held:

> According to Virginia statutes, the Virginia Consumer Protection Act does not apply to any aspect of a transaction authorized by state or federal law or regulated by the Federal Consumer Credit Protection Act. Va. Code § 59.1–199. Since under § 15 U.S.C. § 1603, consumer real estate transactions are covered by the Federal Consumer Protection Act, the Virginia Act is inapplicable.

If the Virginia Consumer Protection Act did apply, it would not appear that neither the liquidated damage provision set forth in the real estate sales nor the late fees and expense provisions of the contract would violate Virginia law; therefore, neither of those provisions would constitute a prohibited practice pursuant to Va. Code § 59.1–200.13. Therefore, the demurrer should be sustained as to the fourth and fifth causes of action.

### III. *Decision*

For the foregoing reasons, the defendant's demurrer is sustained as to first, second, and third causes of action set forth in the bill of complaint based on usury and as to the fourth and fifth causes of action based on the Virginia Consumer Protection Act.