# CIRCUIT COURT OF THE CITY OF RICHMOND

Timothy O'Grady
and Laura O'Grady

v.

NationsBank of Va., N.A.,
f/k/a Sovran Bank, N.A.,
and Adam Harrell, Jr.,
Trustee

BY JUDGE T. J. MARKOW

December 2, 1999

Case No. LF-768-3

The parties appeared on the Motion to Dismiss or in the alternative Demurrer brought by Defendants NationsBank of Virginia, N.A., and Adam N. Harrell, Jr., Trustee, and argument was heard. For the reasons stated below, the court denies the Motion to Dismiss and sustains the Demurrer.

On demurrer, the court will take all material facts properly pleaded as true. Facts expressly or impliedly alleged and those which may be fairly and justly inferred from the facts alleged are deemed established. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22 (1993).

Timothy and Laura O'Grady filed this suit to enjoin a non-judicial foreclosure brought by the defendants pursuant to a Deed of Trust on the O'Gradys' property identified as Lot 3, Pony Creek, Henry District, Hanover County. The O'Gradys also seek a declaration that the debt owed Defendants is satisfied, a release of the Deed of Trust, and costs, reasonable attorneys' fees, and other equitable relief.

The O'Gradys executed the Deed of Trust to secure a guarantee of a note in the amount of $225,000.00, dated June 21, 1985, from Virginia Restaurant

Development Company to Sovran Bank. The note was secured by Virginia Restaurant's equipment and inventory. The O'Grady's guarantee was limited to $40,000.00 by Sovran Bank's agreement in January of 1988. NationsBank received the note and the Deed of Trust as the successor in interest to Sovran Bank. Adam Harrell, Jr., is the substituted trustee under the Deed of Trust.

Virginia Restaurant developed and operated a restaurant called "O'Gradys," located at the Sixth Street Marketplace in Richmond. Despite fluctuations in business, Virginia Restaurant remained current on the note until January of 1989. By that time, the O'Gradys had used at least $40,000.00 of their personal funds to meet the payments of Virginia Restaurant's note to Sovran Bank.

On January 19, 1989, Sovran declared the note in default and sold Virginia Restaurant's equipment and inventory at auction in March of 1989, the day after a heavy snowstorm in the city. The O'Gradys asked Sovran to hold the auction on a different day, but the bank declined. Consequently, the proceeds were less than expected, and a balance remained on the note.

On January 4, 1991, Sovran agreed to limit its recovery of the balance on the note to the proceeds that the O'Gradys and Virginia Restaurant recovered from the Sixth Street Marketplace. The O'Gradys and Virginia Restaurant had a lawsuit filed at the time. No proceeds came of the suit by its end in 1992, but the O'Gradys expected Sovran to release the Deed of Trust under the agreement.

In 1995, NationsBank, Sovran's successor in interest, learned from Mr. O'Grady that the Deed of Trust had not been released and demanded full payment. On July 10, 1996, NationsBank filed suit to recover the balance due under the note. That suit was dismissed with prejudice by order of this court, dated January 13, 1998, because NationsBank's claim was barred by the statute of limitations. While that suit was pending, foreclosure on the property by NationsBank was enjoined.

Mr. Harrell, by letter dated June 29, 1999, informed the O'Gradys that he was beginning foreclosure proceedings on behalf of NationsBank pursuant to Va. Code § 55-59(6) of the Virginia Code. His letter asserts that the note is due and has an unpaid principle balance of $93,679.62 plus interest, late charges, attorneys' fees, and costs. If the O'Gradys wanted to avoid foreclosure, the letter requires payment in full by July 21, 1999. The letter also included a copy of the foreclosure advertisement, noticing the sale date as July 22, 1999.

The O'Gradys responded with this suit, first filed in the Circuit Court of Hanover County. Judge Snead entered a decree enjoining the foreclosure until

further order and transferring the suit to this jurisdiction by agreement of the parties.

The Motion and Demurrer filed by NationsBank and Mr. Harrell states that the O'Gradys are barred from bringing this suit by the doctrine of laches and for the grounds stated in the Memorandum in Support. First, the court addresses the issue of laches.

Defendants contend that Complainants should have sought release of the Deed of Trust in 1995, when the O'Gradys called NationsBank, or in 1998, after this court found as barred Defendants' claim under the note, which, Defendants argue, was secured by the Deed of Trust. Defendants believe that this suit, prompted by foreclosure, comes too late and that Complainants should be barred by the equitable doctrine of laches. The court disagrees.

In *Stewart v. Lady*, 251 Va. 106 (1996), the Supreme Court of Virginia explained:

> [N]o rigid rule can be laid down as to what delay will constitute laches; every suit must depend upon its own circumstances. We have defined laches as the neglect or failure to assert a known right or claim for an unexplained period of time under circumstances prejudicial to the adverse party. The burden of proving laches and prejudice is upon the litigant asserting that defense. Even though a finding of laches rests primarily within the discretion of the chancellor, we will not approve such finding if the party asserting this defense fails to prove prejudice.

*Id.* at 114 (internal quotes and citations omitted).

The court does not find that the O'Gradys slept on their right to enjoin NationsBank from foreclosure by waiting until an actual foreclosure proceeding was threatened. Furthermore, NationsBank has not proved prejudice. The documentary evidence required to prove the survival of the Deed of Trust is not destroyed or lost, and NationsBank makes no allegation that necessary witnesses will be unavailable for trial. Therefore, the O'Gradys' suit is not barred by the doctrine of laches.

Likewise, taking all of the allegations in the Bill of Complaint as true, the court finds that NationsBank is not precluded by laches from initiating foreclosure proceedings. Defendants cite *Gibson v. Green's Adm'r*, 89 Va. 524 (1893), for the correct statement of the rule:

> [A]lthough the evidence of the debt has been merged in a judgment, and although the judgment is actually barred by the statute of

> limitations . . . the remedy in equity to enforce the lien is not effected by any lapse of time short of the period sufficient to raise the presumption of payment.

*Id.* at 527. Defendants, however, cite the twenty-year limitations period for enforcement of a Deed of Trust, Va. Code § 8.01-241 (1950 & Supp.), rather than the fifteen-year period after which a presumption of payment arises, Va. Code § 55-66.5 (1950 & Supp.). Applying either period to the facts as alleged in the Bill, the court finds that Defendants' enforcement of the lien which was created by the Deed of Trust in June 1985 is not barred by either limitations period. Therefore, the court finds that Defendants are not barred by laches.

Defendants also challenge that, as a matter of law, the underlying debt for the Deed of Trust is not extinguished by this court's order of January 13, 1998, dismissing the action to enforce the note. Quoting *Smith v. Ware*, 244 Va. 374 (1992), Defendants challenge Complainants' assertion that *res judicata* bars enforcement of the Deed of Trust that secured the obligation.

"Four elements must be present before *res judicata* can be asserted to bar a subsequent proceeding: (1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made." *Smith* at 376 (*quoting Wright v. Castles*, 232 Va. 218, 222 (1986)); *see also Mowry v. City of Virginia Beach*, 198 Va. 205 (1956).

Here, Defendants claim that *res judicata* is defeated under factors one and two above. Defendants argue that the "issues" presented in the action to bring foreclosure are different than those presented in the prior suit on the note. Defendants also argue that the remedies sought by NationsBank in the action on the note and in this attempt at foreclosure seek different types of relief, the first, money damages, and the second, the right to sell collateral securing a debt and to collect the proceeds. The court agrees that the issues are different, and therefore, does not need to decide whether the remedies differ as well.

In *General Elec. Credit v. Lunsford*, 209 Va. 743 (1969), the Supreme Court of Virginia defined the difference between an unsecured obligation to pay a debt in the form of a note and the agreement found in a Deed of Trust creating a separate secured interest:

> Though the two papers are executed at the same time and closely related, they have different subjects and purposes and there is no rule of interpretation or construction, requiring them to be so treated as to affect either subject in a manner different from that intended by the parties or to defeat any of the purposes intended. Being separate or at

least separable, the note may and does confer one right and the security another. The former is governed by the law merchant and the latter by the law of real property and equitable rules and principles. Here we have under consideration a resort to the security only, and the subject of inquiry is the extent to which the land is bound by the terms and provisions of the deed reserving the lien. We conclude that the holder of the notes involved can have no greater right respecting the land, than the deed reserving the lien confers by its terms properly interpreted, whatever its right may be, respecting the maker and endorsers thereof. The lien on the land is created and defined by the deed, not the notes.

*Id.* at 747-48 (*quoting Shanabarger v. Phares*, 86 W. Va. 64, 68-70, 103 S.E. 349, 350-51 (1920)). The same difference defeats a finding of *res judicata* in this case.

Here, the first case ended with an order of this court which barred Defendants' claim on a note because the statute of limitations had run before NationsBank filed its action. Despite the denial of the remedy due to the application of the statute, NationsBank still retained the right to the money allegedly owed by the O'Gradys. As the Deed of Trust was a separate instrument which allegedly granted NationsBank a lien on the property, the issues and rights that the court must resolve in this suit clearly differ from those raised in the prior action on the note. Therefore, the anticipatory defense of *res judicata* raised in the Bill of Complaint cannot be a bar to NationsBank's defenses in this suit.

Next, NationsBank contends that the underlying debt has not been satisfied, so *res judicata* cannot bar NationsBank from seeking foreclosure as a form of relief for the still existing obligation. The court has already ruled on the issue of *res judicata*; however, the court raises the issue to highlight the dispute of material fact regarding satisfaction of the obligation.

In *Gay v. Norfolk and Western Ry.*, 253 Va. 212 (1997), the Supreme Court of Virginia treated a Motion to Dismiss like a Motion for Summary Judgment. For summary judgment, the court must deny the motion if there remains a genuine dispute of material fact. *See* Rule 3:18. Applying the rule to the case at bar, the court notes the dispute of fact mentioned above and denies NationsBank and Mr. Harrell's Motion to Dismiss.

The remaining arguments offered by NationsBank and Mr. Harrell also involve facts which are genuinely in dispute. First, Defendants argue that the Deed of Trust actually secures the note and not the guarantee as the O'Gradys contend. Defendants assert that, thus, the underlying obligation under the note,

arguably not extinguished in the prior action, is not satisfied despite the O'Gradys' payments in excess of the $40,000.00. Defendants insist that the foreclosure proceedings are not against the O'Gradys, but are against Virginia Restaurant for sums due on the note secured by the O'Gradys' property. Therefore, Defendants charge, even if the court finds that the O'Gradys satisfied their obligation under the guarantee they executed, NationsBank may still foreclose on their property. This claim directly contradicts the allegations in the Bill of Complaint and leads to a genuine dispute of material fact. Therefore, the Motion to Dismiss is denied.

Defendants also maintain that Sovran's agreement to limit its recovery to the proceeds of the lawsuit against Sixth Street Marketplace referred to recovery on the guarantee. The note, Defendants argue, was not subject to the limit under the parties' agreement. Again, this claim and the allegations of the Bill of Complaint are opposed factually, and the Motion to Dismiss is denied on this basis as well.

Defendants offer copies of the Deed of Trust, the guarantee, and the note as attachments to their Motion to Dismiss. Defendants ask the court to interpret the documents and make findings as a matter of law in order to rule on the Motion to Dismiss before they file an Answer and before the O'Gradys have put on any evidence to support the allegations in the Bill of Complaint.

While making no finding as to what quality or quantum of proof is needed to support or defeat the O'Gradys' case, the court declines NationsBank's invitation to decide the case on its exhibits alone. This court has already explained that the Motion to Dismiss in this context is treated as summary judgment.

The Supreme Court of Virginia has repeated that summary judgment is a drastic remedy, not appropriate where there remains a genuine dispute of material fact. *See Smith v. Smith*, 254 Va. 99 (1997); *see also Slone v. General Motors Corp.*, 249 Va. 520 (1995); *Turner v. Lotts*, 244 Va. 554 (1992). The court has also established that discovery should not replace the taking of evidence at trial. *See Smith*, 254 Va. 99 (1997).

In this case, the facts which would be the basis for a final resolution are genuinely in dispute. The O'Gradys may provide evidence at trial which supplements the exhibits offered by NationsBank. For example, the O'Gradys claim that the auction of Virginia Restaurant's inventory and equipment was commercially unreasonable. If the allegation is proven at trial, the O'Gradys may successfully attack the amount that NationsBank claims is due on the note. The court shall await trial of the issues to decide the case. Therefore, the Motion to Dismiss is denied.

It is, therefore, ordered, that the demurrer to the allegation of *res judicata* is sustained and the Motion to Dismiss is denied. Complainant is granted ten days from the date of this order within which to file an amended pleading if they be so advised. Defendant may respond within ten days of service of any amended pleading on counsel of record.

April 10, 2001

Case No. HK-1330

The O'Gradys filed a Second Amended Bill of Complaint for Declaratory Relief. The Bill of Complaint seeks entry of an order which contains the following provisions: (1) a declaration that all obligations of the Virginia Restaurant and Development Company and the O'Gradys to NationsBank underlying the Deed of Trust are discharged, satisfied, or extinguished; (2) an order requiring NationsBank to execute the appropriate documents releasing the Deed of Trust on the property; (3) a finding that NationsBank without good cause failed or refused to release the Deed of Trust; and (4) an award of attorney's fees pursuant to Va. Code § 55-66.5(C).

A trial on this matter was held on March 26, 2001, at which time, the court heard evidence *ore tenus*.

Briefly, the evidence shows that the O'Gradys formed Virginia Restaurant and Development Company to operate a restaurant known as O'Gradys. The company secured a loan of approximately $225,000 from Sovran Bank in 1985. The O'Gradys personally guaranteed the note. As well, the note was secured by the company's equipment and inventory and came to be secured by a Deed of Trust on land in Hanover County which was owned by the O'Gradys.

On January 19, 1989, the bank declared the note to be in default, accelerated the debt, and demanded payment in full. Subsequently, an auction was held to sell the company's equipment and inventory. Over a period of a little more than two years, the O'Gradys and the bank negotiated what the O'Gradys' obligations to the bank were and how those obligations were to be fulfilled. The negotiations ended with an agreement, signed by all parties, which was dated January 4, 1991. In June 1999, NationsBank instituted foreclosure proceedings on the Hanover property which in turn led to the current suit.

The O'Gradys argue that they are entitled to the relief sought for two reasons. First, they assert that the auction that was conducted to sell the company's equipment and inventory was commercially unreasonable. Second,

the O'Gradys argue that the agreement of January 4, 1991, provided that the *sole* means of repayment of the obligation was to be with proceeds of any settlement or judgment obtained against Sixth Street Marketplace by the O'Gradys or by the company.

After considering the testimony of the witnesses and after examination of the exhibits, the Court finds that the O'Gradys, by signing the January 4, 1991, agreement with Sovran Bank, waived any argument they might have had regarding the commercial unreasonableness of the auction. The agreement clearly states, "The Maker (Virginia Restaurant & Development Company) and Guarantors (Timothy and Laura O'Grady) agree that the indebtedness owed to Sovran Bank totals $75,000 and that *there are no claims, defenses, or offsets to the payment of the indebtedness.*" (Emphasis added.) The italicized language means that the O'Gradys cannot now assert the commercial unreasonableness of the auction as a defense to the payment of the debt. The parties also agreed that the total indebtedness was $75,000.

Pointing to language in the January 4, 1991, agreement, the O'Gradys also argue that the only means of repayment to Sovran was to come from any settlement or judgment obtained against their former landlord, Sixth Street Marketplace. Specifically, the agreement states, "The maker will assign to the Bank the proceeds of any settlement or judgement obtained (up to $75,000) against Sixth Street Marketplace . . . from which the Maker or Guarantors obtain a judgement or settlement, as the means of repayment of indebtedness."

The O'Gradys received no settlement or judgment against Sixth Street Marketplace. Both Mr. and Mrs. O'Grady testified that it was their understanding that the phrase "as the means of repayment of indebtedness" meant that any settlement or judgment against Sixth Street Marketplace would be the one and only means of repayment of the obligation as opposed to the primary or preferred means of repayment. They argue, therefore, that even though they received no settlement or judgment that the obligation to the bank has been fulfilled and the $75,000 debt extinguished.

The January 4, 1991, agreement also contains the following two provisions:

> (2) The note will continue to be secured with a valid first lien Deed of Trust on the Hanover Real Estate. The existing Deed of Trust will be supplemented to $75,000 and the maker will furnish title insurance in an amount of $75,000.
>
> (3) After all parties agree to item one (1) above, the Bank will order an Appraisal of the Hanover Real Estate. If the appraised value does not equal $75,000, the Bank will first give the Makers 30 days

time to furnish additional collateral acceptable to the Bank, after such time the Bank will foreclose and seek deficiency against Guarantors for principal, accrued interest, and reasonable costs.

The O'Gradys testified that it was their understanding that the requirement that the note continued to be secured by the Deed of Trust merely ensured that they pursued the litigation in progress at that point against the Sixth Street Marketplace.

Despite the O'Gradys' testimony of their understanding of the January 4, 1991, agreement, the Court, looking at the face of the agreement itself, finds that any judgment or settlement proceeds resulting from the Sixth Street litigation were to be but one means of repayment of the obligation. To find that the phrase "the means of repayment" denotes the sole means of repayment would require the Court to ignore the second and third provisions of the agreement. If the bank had intended to accept any settlement or judgment, regardless of the amount, as the only means of payment for a $75,000 debt, it would not have needed to continue to secure the note with a Deed of Trust.

Because the O'Gradys' two arguments regarding the obligations of themselves and of Virginia Restaurant and Development Company fail, the court cannot find that the obligations underlying the Deed of Trust have been discharged, satisfied, or extinguished.

It is hereby ordered that judgment be entered against Timothy and Laura O'Grady and in favor of NationsBank of Virginia and Adam N. Harrell, Jr.