# CIRCUIT COURT OF FAIRFAX COUNTY

Anthony Benkahla

v.

Samuel I. White et al.

January 18, 2011

Case No. CL-2010-4955

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on November 19, 2010, on Defendants' demurrer. Upon consideration of the pleadings, arguments of counsel, and the applicable governing authorities, the Court overrules Defendants' demurrer.

*Background*

In October 1997, Plaintiff Anthony Benkahla executed a promissory note ("Note") in the amount of $194,000 made payable to L.L. Funding Corp. On the same date, Plaintiff encumbered his single family home with a deed of trust ("Deed of Trust") securing the Note. The Deed of Trust also names L.L. Funding Corp. as the beneficiary.

According to Mr. Benkahla, a succession of entities has attempted to collect on the Note since 1997, including PNC Mortgage Company, Advanta Mortgage Company, and Southern Pacific. These entities have all claimed that Mr. Benkahla is in default under the Note and that they are entitled to payment.

In January 2010, Defendant Samuel White, P.C. ("White") contacted Mr. Benkahla claiming that Defendant Deutsche Bank ("Deutsche Bank") is the current owner and beneficiary of the Note and Deed of Trust and that Deutsche Bank has appointed them trustee under the Deed of Trust. White also notified Mr. Benkahla that he was in default and that Deutsche Bank would be foreclosing on the property in accordance with § 55-59.1(B) of the Virginia Code. Moreover, White informed Mr. Benkahla that "the original note evidencing your indebtedness has been lost, misplaced, or destroyed, and is unavailable."

Mr. Benkahla claims that he is unaware of any reason Deutsche Bank is asserting rights under the Note or Deed of Trust and that he has never had any prior dealings with Deutsche Bank.

On April 6, 2010, Mr. Benkahla filed a Complaint in this Court seeking an injunction to stop Deutsche Bank's foreclosure and an accounting of the amount owed on the Note. The Complaint makes three arguments for injunctive relief. First, Mr. Benkahla claims that Deutsche Bank cannot foreclose because they are in violation of Virginia Code § 8.3A-309. According to Mr. Benkahla, Va. Code § 8.3A-309 prohibits any holder from enforcing a negotiable instrument that was lost prior to their taking possession. Here, Deutsche Bank admits the Note was lost prior to their possession. Thus, Deutsche Bank is barred from enforcing the Note through foreclosure pursuant to Va. Code § 8.3A-309. During the November 19, 2010, hearing, Defense counsel conceded that Deutsche Bank took possession of the Note after it was already lost. Accordingly, the Court is considering this fact as admitted.

Second, Mr. Benkahla claims that Deutsche Bank is not the beneficiary of the Note or Deed of Trust and thus they have no authority to foreclose on the property.

Lastly, Mr. Benkahla alleges that Deutsche Bank's foreclosure action is outside the five-year statute of limitations period. According to Mr. Benkahla, his Note has been in default for over five years, and, therefore, any attempt to foreclose is time-barred.

Mr. Benkahla further requests that Deutsche Bank, if they are in fact a beneficiary under the Note and Deed of Trust, provide an accounting of the amounts due under the Note before any foreclosure action.

On November 5, 2010, Defendants filed the instant demurrer. According to Defendants, the foreclosure at issue is governed by Va. Code § 55-59.1(B) and not Va. Code § 8.3A-309. In fact, Defendants claim that Va. Code § 8.3A-309 has no application to an *in rem* foreclosure proceeding. Thus, Deutsche Bank's failure to satisfy the requirements of Va. Code § 8.3A-309 is irrelevant, and Mr. Benkahla's first argument is barred as a matter of law.

Concerning Mr. Benkahla's second argument, Defendants contend that Mr. Benkahla has not contested whether Deutsche Bank is the owner of

the Note or debt obligation. According to Defendants, "there is no allegation in the Complaint that Deutsche is not the assignee of the debt obligation."

Defendants also argue that their foreclosure action is timely because the appropriate limitations period for a foreclosure action is ten-years and not five as claimed by Mr. Benkahla.

Lastly, Defendants claim that, under Virginia law, accounting actions are only allowed between fiduciaries or those with a partnership relation. There is no such relationship between Defendants and Mr. Benkahla in this case, and thus the accounting request should be denied.

The Court held a hearing on Defendants' demurrer on November 19, 2010. Following this hearing, the Court took Defendants' demurrer under advisement.

*Analysis*

A. *Demurrer Standard*

A demurrer tests the legal sufficiency of a pleading and should be sustained if the pleading, considered in the light most favorable to the plaintiff, fails to state a valid cause of action. Va. Code § 8.01-273; *Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226, 541 S.E.2d 909, 914 (2001). A demurrer presents only a question of law to be decided by the court. *Tazewell County School Bd. v. Snead*, 198 Va. 100, 92 S.E.2d 497 (1956). In ruling on a demurrer, the court must admit as true all of the material facts properly alleged, as well as those that may be fairly and justly inferred from those facts. *Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991).

B. *Mr. Benkahla's First Argument for Injunctive Relief: Virginia Code § 8.3A-309 Prevents Deutsche Bank's Foreclosure Action*

Mr. Benkahla argues that Deutsche Bank cannot foreclose under the Deed of Trust because a prior holder lost the Note and only transferred Deutsche Bank a copy. Therefore, Deutsche Bank is in violation of Va. Code § 8.3A-309 and barred from enforcing the Note through foreclosure.

Virginia Code § 8.3A-309 is a provision of Virginia's Uniform Commercial Code dealing with negotiable instruments. This section states, in relevant part:

> A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person

cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined[.]

Va. Code § 8.3A-309. The plain text of this provision provides that lost negotiable instruments are only enforceable by persons who were in possession of the instrument when it was lost.

In the present case, Deutsche Bank concedes that they are not in possession of the Note and that a prior holder lost the Note. Therefore, Deutsche Bank is clearly in violation of Va. Code § 8.3A-309.

Mr. Benkahla, however, wrongly concludes that because Deutsche Bank cannot enforce the Note pursuant to Va. Code § 8.3A-309, they are also unable to foreclose under the Deed of Trust.

A mortgage or deed of trust secures a debt and not the note or underlying security. *See Thompson v. Miller*, 195 Va. 513, 516, 79 S.E.2d 643, 645 (1954). No change in the form of a debt, short of repayment, will operate to discharge a security interest. *Id.* A violation of Va. Code § 8.3A-309 does not extinguish a borrowers debt obligation, it merely precludes the creditor from enforcing a security as a negotiable instrument under the U.C.C. Accordingly, Deutsche Bank's violation of Va. Code § 8.3A-309 does not extinguish Mr. Benkahla's debt obligation, and thus the Deed of Trust remains valid and enforceable through foreclosure.

Furthermore, a violation of Va. Code § 8.3A-309, by itself, has no effect on a creditor's foreclosure action under Virginia's foreclosure laws. Virginia law clearly recognizes that enforcement of a promissory note and enforcement of a security instrument are separate and distinct remedies governed by different laws. A creditor's foreclosure on a security property is governed by Virginia's foreclosure statutes, *see* Va. Code § 55-59.1, and not by Virginia's U.C.C. As the Supreme Court of Virginia has ruled:

> Though [a promissory note and deed of trust] are executed at the same time and closely related, they have different subjects and purposes and there is no rule of interpretation or construction, requiring them to be so treated as to affect either subject in a manner different from that intended by the parties or to defeat any of the purposes intended. Being separate or at least separable, the note may and does confer one right and the security another. The former is governed by the law merchant [i.e. the U.C.C.] and the latter by the law of real property and equitable rules and principles.

*General Elec. Credit Organization v. Lunsford*, 209 Va. 743, 747-48, 167 S.E.2d 414, 418 (1969) (citations omitted).

The Virginia Supreme Court has clearly stated that laws applying to the enforcement of a promissory note (i.e. the U.C.C.) have no application

to enforcement of the deed of trust. *See Lunsford*, 209 Va. at 747-48, 167 S.E.2d at 418; *Stimpson v. Bishop*, 82 Va. 190, 200 (1886) (a promissory note is a personal contract, which cannot, at law or in equity, be governed by the principles applicable to a mortgage of any description). Therefore, Deutsche Bank's violation of Va. Code § 8.3A-309 has no effect on its right to foreclose under the Deed of Trust pursuant to Va. Code § 55-59.1.

Although the record is clear that Deutsche Bank cannot enforce the Note as a negotiable instrument due to their violation of Va. Code § 8.3A-309, this does not extinguish Mr. Benkahla's debt or prohibit foreclosure under Virginia's separate foreclosure laws. Accordingly, Mr. Benkahla's Argument that Va. Code § 8.3A-309 prevents Deutsche Bank's foreclosure action is without merit.

*C. Mr. Benkahla's Second Argument for Injunctive Relief: Deutsche Bank is not the Beneficiary of the Note or Deed of Trust and thus has no Authority to Foreclose on the Property*

In Virginia, a mortgage or deed of trust secures a debt and not the note or underlying security. *See Thompson*, 195 Va. at 516, 79 S.E.2d at 645. Both deeds of trust and mortgages are regarded in equity as mere securities for the debt, and whenever the debt is assigned the deed of trust or mortgage is assigned or transferred with it. *Williams v. Gifford*, 139 Va. 779, 784 (1924). Thus, a deed of trust is enforceable only by a beneficiary of the underlying debt, and no person without an interest in the debt has authority to foreclose.

Mr. Benkahla's Complaint repeatedly questions whether Deutsche Bank has any interest in the Note. Moreover, during the Court's hearing, counsel for Mr. Benkahla argued that Deutsche Bank is not the owner of Mr. Benkahla's debt obligation. These allegations make a valid claim that Deutsche Bank is not the beneficiary of Mr. Benkahla's debt obligation, and therefore any foreclosure by Deutsche Bank is invalid. Such a claim, if proven true, is undoubtedly entitled to equitable relief. *See generally Wills v. Chesapeake W. Ry.*, 178 Va. 314, 16 S.E.2d 649 (1941) (a court sitting in equity may set aside an invalid foreclosure).

Defendants, nonetheless, argue that Mr. Benkahla has failed to contest Deutsche Bank's ownership of the Note because there is no direct "allegation in the Complaint that Deutsche is not the assignee of the debt obligation."

Defendants are correct; the Complaint fails to directly allege Deutsche Bank does not own the loan. However, the Complaint repeatedly questions whether Deutsche Bank has a proper interest in the Note that enables them to foreclose. Moreover, counsel for Mr. Benkahla repeatedly argued during the Court's hearing that Deutsche Bank is not the owner of Mr. Benkahla's debt obligation. Lastly, the Complaint alleges that numerous entities have

claimed ownership of the Note. The Court finds that these allegations, taken as a whole, sufficiently suggest that Deutsche Bank is not the beneficiary or owner of the debt obligation. *See Cox Cable Hampton Roads*, 242 Va. at 397, 410 S.E.2d at 653 (on demurrer, the court must admit as true all of the material facts properly alleged, as well as those that may be fairly and justly inferred from those facts).

The Complaint alleges that Deutsche Bank is attempting an invalid foreclosure because they lack any interest in Mr. Benkahla's debt obligation. These allegations state a claim for which the Court can grant injunctive relief.

### D. *Mr. Benkahla's Third Argument for Injunctive Relief: Deutsche Bank's Foreclosure Action is Outside the Five-Year Statute of Limitations Period*

Mr. Benkahla alleges that his Note has been in default for over five years, and, therefore, any attempt to foreclose is time-barred.

The appropriate limitations period for a foreclosure action is ten years. *See* Va. Code § 8.01-241(A). Accordingly, Mr. Benkahla's allegation that any foreclosure action in this case is time-barred under a five-year limitations period is contrary to Virginia law.

### E. *Mr. Benkahla's Request for an Accounting*

Mr. Benkahla's Complaint requests an accounting "of payments made by Plaintiff on the Note and any charges authorized by the terms of the Note which have been made by any owner of the Note." Defendants, however, claim that accounting actions are permitted only between fiduciaries or those with a partnership relation, and here there is no such relationship to warrant an accounting action.

Under Virginia law, an accounting is a form of equitable relief which is available upon order of a court in equity. *McClung v. Smith*, 870 F. Supp. 1384, 1400 (E.D. Va. 1994). This fundamental equitable remedy has long been available to require trustees or agents to account for their actions in dealing with the funds of beneficiaries or principals. *See Bain v. Pulley*, 201 Va. 398, 111 S.E.2d 287 (1959).

In *Wilkins v. Gordon*, 38 Va. 547 (1841), the Virginia Supreme Court held that a trustee cannot proceed to sell a trust subject until the debts are settled and ascertained. Furthermore, a party facing foreclosure has a right to petition the Court in equity for a determination on the debt owed when the amount is uncertain. *Wilkins*, 38 Va. at 556-57. Here, Mr. Benkahla has alleged that up to seven prior creditors improperly added charges and fees under the Note and therefore the proper debt amount is unknown. Given the holding in *Wilkins*, the Court finds that an accounting action is allowable

in this case and Mr. Benkahla has alleged sufficient facts to request an accounting.

### *Conclusion*

The Complaint makes a valid request for injunctive relief because it alleges that Deutsche Bank is attempting foreclosure despite lacking any interest in Mr. Benkahla's debt obligation. Moreover, the Complaint alleges sufficient facts to request an accounting. Accordingly, Defendants' demurrer is overruled.